UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 15-1907(DSD/HB)

Adam Paul Strege,

       Plaintiff,

v.                                         **ORDER**

Department of Motor Vehicles,
Humboldt County Court and
Humboldt University,

       Defendants.

Adam Paul Strege, P.O. Box 263, Eureka, CA 95002, pro se.

This matter is before the court upon the pro se complaint and application to proceed in forma pauperis by plaintiff Adam Paul Strege. Although the complaint is often difficult to understand, Strege alleges that defendants engaged in conduct[1] in violation of the Americans with Disabilities Act (ADA), the California Unruh Civil Rights Act (UCRA), and other civil rights laws. Compl. ¶ 7. Defendants include the California Department of Motor Vehicles, Humboldt County Court, and Humboldt University, all of which are located in California. Id. ¶ 2.

Federal courts are courts of limited jurisdiction. Thomas v. Basham, 931 F.2d 521, 522 (8th Cir. 1991). As such, the court must raise issues of jurisdiction sua sponte "when there is an

---

[1] Strege alleges, among other things, that defendants wrongfully suspended his driver's license, refused him an "Assistive device," ran him out of various towns, and denied him a hearing under the ADA. See Compl. ¶ 7; ECF No. 1-1.

indication that jurisdiction is lacking." Id. at 523.  The court liberally construes pro se complaints and will dismiss an action only if it appears beyond doubt that the plaintiff "can allege no set of facts which would support an exercise of jurisdiction." Sanders v. United States, 760 F.2d 869, 871 (8th Cir. 1985).

The court has studied the complaint and cannot identify any basis to support an exercise of personal jurisdiction over defendants.  A federal court may assume jurisdiction over a non-resident defendant "only to the extent permitted by the long-arm statute of the forum state and by the Due Process Clause." Romak USA, Inc. v. Rich, 384 F.3d 979, 984 (8th Cir. 2004) (citation and internal quotation marks omitted).  The Minnesota long-arm statute "confers jurisdiction to the fullest extent permitted by the Due Process Clause," and the court therefore need only consider due process requirements.  See Coen v. Coen, 509 F.3d 900, 905 (8th Cir. 2007).  "Due process allows a court to exercise personal jurisdiction over a non-resident defendant only if doing so is consistent with traditional notions of fair play and substantial justice, and if the defendant has sufficient 'minimum contacts' with the forum state."  Northrup King v. Compania Productora Semillas, 51 F.3d 1383, 1387 (8th Cir. 1995) (citations omitted).

Construing the complaint liberally, the court finds no jurisdictionally significant contacts between the defendants in this action and Minnesota, the forum state.  Defendants are located

in California and have no apparent connection to Minnesota. Although the complaint does include numerous allegations pertaining to events occurring in Minnesota, those events bear no relationship to defendants and appear to largely concern previous actions that Strege has filed in this district. As a result, personal jurisdiction over defendants is lacking.

Because the court does not have jurisdiction, it must determine "if it is in the interest of justice" to transfer the action to "any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631. The court finds that transfer is not warranted under the circumstances here. In particular, the court notes that the complaint consists mainly of unintelligible factual allegations that do not provide a basis for relief. See Jefferson v. Zych, No. 12-682, 2012 WL 2395498, at *2 (D. Minn. June 25, 2012) ("Transfer is not in the interest of justice if the Complaint is frivolous and additional adjudication a waste of judicial resources.") (citation and internal quotation marks omitted)).

The remainder of the complaint alleges that Strege's driver's license was suspended, and that he has been prevented from challenging that suspension, in violation of the ADA and the UCRA.[2]

---

[2] Strege also argues that the suspension violates the International Religious Freedom Act of 1998. See ECF No. 1-1, at 3. That statute, however, does not provide a private cause of action for civil litigants. See, e.g., Bey v. Ohio, No. 1:11 CV
(continued...)

Although the general nature of this claim is easily understood, the complaint does not include sufficient coherent factual matter to provide a basis for relief. For instance, Strege does not identify his disability, which is necessary to state a claim under either the ADA or UCRA. See Signorelli v. Hughes, 363 F. App'x 455, 456 (9th Cir. Jan. 25, 2010); Dep't of Fair Emp't & Hous. v. Law Sch. Admission Council Inc., 896 F. Supp. 2d 849, 865 (N.D. Cal. 2012) (noting that the UCRA "incorporates the substantive standards of the ADA").[3] As a result, the court finds that transfer is not warranted.

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The application to proceed in forma pauperis [ECF No. 2] is denied as moot; and

---

[2](...continued)
1213, 2011 WL 5024188, at *2 (N.D. Ohio Oct. 19, 2011).

[3] Moreover, the ADA and UCRA claims appear to rely on events in September 2012 and March 2015. See ECF No. 1-1, at 1-5. Federal courts in California apply a three-year statute of limitations to claims under Title II of the ADA and a two-year limitations period to claims under the UCRA. See Sharkey v. O'Neal, 778 F.3d 767, 772 (9th Cir. 2015); Gilly v. JPMorgan Chase Bank, N.A., No. 12cv1774, 2012 WL 10424926, at *4 (S.D. Cal. Oct. 12, 2012). Thus, there is little chance that dismissal will subject Strege to a limitations period that would not have otherwise barred his claims in this court. See Gunn v. U.S. Dep't of Agriculture, 118 F.3d 1233, 1240 (8th Cir. 1997) (noting that transfer is appropriate when "the statute of limitations would have run before [the plaintiff] could refile properly").

    2.    This action is dismissed without prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  April 29, 2015

                                                  s/David S. Doty
                                                  David S. Doty, Judge
                                                  United States District Court